PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON  #76342
bruce.ericson@pillsburylaw.com
BLAINE I. GREEN  #193028
blaine.green@pillsburylaw.com
ROBERT J. NOLAN #235738
robert.nolan@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

PHELPS DUNBAR LLP
MICHAEL D. HUNT (Louisiana Bar No. 7061)
JANE A. ROBERT (Louisiana Bar No. 19123)
445 North Blvd., Suite 701 (70802-5707)
Post Office Box 4412
Baton Rouge, LA  70821-4412
Telephone:  (225) 346-0285
Facsimile:  (225) 376-0253 or 381-9197

Attorneys for Defendant AMITECH USA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J.W. EBERT CORPORATION, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMITECH USA LTD. and Does 1-100,<br><br>Defendant. | No. C-07-6492-JW<br><br>**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(3)**<br><br>Date:    March 17, 2008<br>Time:    9 a.m.<br>Court:   8, 4th Floor<br><br>Filed herewith:<br><br>1.    Declaration of Charles Danielson<br>2.    Proposed order |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ................................................................. 1

ISSUE TO BE DECIDED ............................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 2

I. INTRODUCTION. ............................................................................................................ 2

II. BACKGROUND OF THE ACTION. ............................................................................... 2

    A. The parties and the Agreement. ............................................................................ 2

    B. The filing of this action in California. .................................................................. 3

III. ARGUMENT. .................................................................................................................... 4

    A. Federal law applies and it presumes forum selection clauses to be valid and enforceable. ........................................................................................ 4

    B. The Agreement specifies the Court of East Baton Rouge Parish as the only proper court. ................................................................................................ 5

    C. Plaintiff's claims arise out of the Agreement. ...................................................... 6

    D. Enforcement of the Agreement's forum selection clause is reasonable. ............................................................................................................ 7

IV. CONCLUSION. ................................................................................................................. 9

# TABLE OF AUTHORITIES

Page

**Cases**

Air Ion Devices, Inc. v. Air Ion, Inc.,
    No. C-02-1717-SI, 2002 WL 1482665 (N.D. Cal. July 5, 2002) .............................. 5

Argueta v. Banco Mexicano, S.A.,
    87 F.3d 320 (9th Cir. 1996) ..................................................................................... 1, 7, 8

Docksider, Ltd. v. Sea Technology, Ltd.,
    875 F.2d 762 (9th Cir. 1989) ................................................................................... 5

Erie R. Co. v. Tompkins,
    304 U.S. 64, 58 S. Ct. 817 (1938) ........................................................................... 4

Haynsworth v. The Corporation,
    121 F.3d 956 (5th Cir. 1997) ................................................................................... 5, 7, 8

Hunt Wesson Foods, Inc. v. Supreme Oil Co.,
    817 F.2d 75 (9th Cir. 1987) ..................................................................................... 5

International Software Systems, Inc. v. Amplicon, Inc.,
    77 F.3d 112 (5th Cir. 1996) ..................................................................................... 6

Lutz v. Continental Services, Inc.,
    No. C-07-947Z, 2007 WL 4165274 (W.D. Wash. Nov. 16, 2007) ......................... 3

Manetti-Farrow, Inc. v. Gucci America, Inc.,
    858 F.2d 509 (9th Cir. 1988) ................................................................................... 4, 5, 6, 8

Marinechance Shipping, Ltd. v. Sebastian,
    143 F.3d 216 (5th Cir. 1998) ................................................................................... 7

Nedlloyd Lines B.V. v. Superior Court of San Mateo County,
    3 Cal. 4th 459, 834 P.2d 1148 (1992) ..................................................................... 5, 8

Rush v. Oppenheimer & Co.,
    779 F.2d 885 (2d Cir. 1985) .................................................................................... 3

Smith, Valentino & Smith, Inc. v. Superior Court,
    17 Cal. 3d 491, 551 P.2d 1206 (1976) .................................................................... 8

The Bremen v. Zapata Off-Shore Co.,
    407 U.S. 1, 92 S. Ct. 1907 (1972) ........................................................................... 4, 5, 8

Top Branch Tree Service & Landscaping, Inc. v. Omni Pinnacle, LLC,
    No. 06-3723, 2007 WL 1234976 (E.D. La. Apr. 26, 2007) ..................................... 5

**Statutes and Codes**

United States Code
    Title 28, section 1332 .............................................................................................. 4

**Rules and Regulations**

Federal Rules of Civil Procedure
    Rule 12(b)(3) ................................................................................................. 1, 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Monday, March 17, 2008, at 9:00 a.m., before the Honorable James Ware, United States District Judge, in Courtroom 8, Fourth Floor, 280 South First Street, San Jose, California, Defendant **AMITECH USA, LLC** (erroneously named as Amitech USA, Ltd.)("Amitech" or "Defendant") will move and hereby does move, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, to dismiss the First Amended Complaint ("FAC") filed on November 16, 2007 by Plaintiff J.W. Ebert Corporation ("Ebert" or "Plaintiff"), on the ground of improper venue.

This motion is made on the grounds that: A valid contractual forum selection clause applies to Plaintiff's claims and requires that this dispute be resolved in the Court of East Baton Rouge Parish, located in Baton Rouge, Louisiana. Therefore, based upon Plaintiff's contractual undertaking, this Court is an improper venue for litigating Plaintiff's claims and this action must be dismissed. Plaintiff can, if it chooses, re-file the action in the Court of East Baton Rouge Parish—to which it agreed when it contracted with Defendant.

This motion is based on this notice of motion and motion, the memorandum that follows, the declaration of Charles Danielson filed concurrently with this motion, all pleadings and records on file in this action, and any other arguments and evidence presented to this Court at or before the hearing on this motion.

**ISSUE TO BE DECIDED**

1. Where Plaintiff has entered into an agreement with Defendant pursuant to which Plaintiff agrees that "original jurisdiction of any dispute arising under or pursuant to the Agreement shall lie in the Court of East Baton Rouge Parish, Baton Rouge, LA" and where Plaintiff files a complaint in California against Defendant asserting disputes arising under and pursuant to that agreement, should the complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) and the Ninth Circuit's opinion in *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 325 (9th Cir. 1996)?

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION.**

The contract between the parties, upon which Ebert bases its claims, designates the Court of East Baton Rouge Parish as the sole court for resolution of any dispute between them. Federal law holds that forum selection clauses, such as the one applicable to this lawsuit, must be respected and enforced as a matter of law. This Court should grant Amitech's motion and dismiss this action on the basis of improper venue.

II. **BACKGROUND OF THE ACTION.**

A.  **The parties and the Agreement.**

Defendant Amitech is a limited liability company organized under the laws of the State of Louisiana with its headquarters in East Baton Rouge Parish, Louisiana. Notice of Removal, Dkt. 1, ¶ 10; Declaration of Charles Danielson, filed herewith ("Danielson Decl."), ¶ 2. Amitech manufactures commercial pipe. It has no offices in California. Its sole member is a Saudi Arabian entity. Danielson Decl. ¶ 3.

Plaintiff Ebert describes itself as a general engineering contractor and sanitation systems contractor. FAC ¶ 1.

In March 2006, Amitech and Ebert entered into a contract, relevant portions of which are attached to the FAC as Exhibit A (the "Agreement"). Danielson Decl. ¶ 4; FAC ¶ 2 and Ex. A. Ebert alleges that the Agreement was entered into in California (FAC ¶ 3) but in fact Ebert signed it in California and Amitech signed it in Louisiana. As Exhibit A shows, there was give-and-take over contractual language, spanning six months from October 2005 to March 2006, before the final Agreement was signed.

Pursuant to the Agreement, Amitech designed and manufactured in Louisiana 84-inch diameter "Flowtite" sewer pipes for the project entitled "84" RCP Interceptor Rehabilitation Phase VIB." Amitech's work was all done in Louisiana. Danielson Decl. ¶ 5. The Agreement specifically provides that the pipe was to be delivered "1. F.O.B. – Plant, Zachary, LA.: Pick pipe up at the plant, buyer to unload." FAC Ex. A at 9. Ebert did in fact pick up the pipe, and take title to it, in Louisiana. Danielson Decl. ¶ 6.

1   The Agreement specifies the court for litigating any disputes between the parties.

2   The Agreement also contains a choice of law provision. It provides:

> 11. APPLICABLE LAW AND JURISDICTION. The terms and conditions of sale are subject to and will be construed in accordance with the substantive laws of the State of Louisiana, exclusive of its conflicts of law principals [sic]. *Amitech and Buyer expressly agree that original jurisdiction of any dispute arising under or pursuant to the Agreement shall lie in the Court of East Baton Rouge Parish, Baton Rouge, LA except in the event that Amitech, in its sole discretion, elects to cause any dispute hereunder to be adjudicated by binding arbitration.* In that event, each of the parties hereto shall select one arbitrator, and the two thus selected shall select a third, which three arbitrators shall hear and determine the dispute between the parties.

FAC Ex. A at 11, ¶ 11 (italics added).[1] The Agreement is an integrated contract. Paragraph 1 of the Terms and Conditions provides:

> 1. ENTIRE AGREEMENT. The provisions on the face hereof and these Terms and Conditions of Sale constitute the entire agreement between Amitech USA, LLC ("Amitech") and the Buyer and supersedes Buyer's purchase order and all other prior communications between the parties, written or oral. Any terms in any future communication from Buyer containing additional or contrary terms are rejected, unless accepted in writing by an authorized representative of Amitech.

FAC Ex. A at 11, ¶ 1.

Thus, the Agreement recites the contractual designation of the Court of East Baton Rouge Parish as the proper court and Louisiana law as the governing substantive law with regard to any dispute "arising under or pursuant to" the Agreement. *Id.*

B.  **The filing of this action in California.**

On September 25, 2007, Ebert filed suit in Santa Clara Superior Court, in contravention of the Agreement. Ebert did not serve Amitech with a copy of its original

---

[1] Under this clause, the sole permitted exception to litigation in the Court of East Baton Rouge Parish is arbitration *if* Amitech elects to demand arbitration. Amitech expressly reserves its right to compel arbitration, which right is not waived by filing this motion to dismiss. *See Lutz v. Continental Services, Inc.,* No. C-07-947Z, 2007 WL 4165274, at *2 (W.D. Wash. Nov. 16, 2007) (citing *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir. 1985)).

1   complaint or summons.  On November 16, 2007, Ebert filed the FAC, which it first

2   delivered to Amitech via fax (not proper service) on November 28, 2007.

3       The FAC alleges that Ebert agreed to purchase Flowtite pipe from Amitech for use

4   in a sewer system that Plaintiff agreed to construct for the City of San Jose.  FAC at 3:4-5.

5   The FAC alleges that Amitech provided pipe with steel joints that failed, causing the pipes

6   to leak.  FAC at 3:15-17.  Ebert asserts a variety of causes of action, including breach of

7   contract, breach of warranty, breach of implied warranties, negligence, implied indemnity

8   and declaratory relief.  FAC at 3-7.  Ebert seeks monetary damages for repair and

9   replacement of seals in pipe joints; overhead, labor and expenses related to corrective work;

10  additional legal and professional costs; liquidated damages; other incidental and

11  consequential damages; and attorneys' fees.  FAC at 8.  Ebert also seeks a declaration of

12  set-off to avoid a contract balance due Amitech.  FAC at 8:26-28.

13      On December 27, 2007, Amitech timely removed the action to this Court, invoking

14  the Court's original jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship.

15  Notice of Removal filed Dec. 27, 2007, Dkt. 1.

16  III.  **ARGUMENT.**

17  A.  **Federal law applies and it presumes forum selection clauses to be valid and**
18      **enforceable.**

19      This is a diversity action.  The Court therefore should apply state law to substantive

20  issues and federal law to procedural issues.[2]

21      Under Ninth Circuit precedent, federal law is applied when interpreting and

22  applying a forum selection clause because forum selection is primarily a matter of venue,

23  and thus procedural.[3]  Accordingly, federal law is applicable when determining the

24  enforceability and scope of the forum selection clause contained in the Agreement.

---

[2] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-79, 58 S. Ct. 817, 822-23 (1938); *Manetti-Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 512-13 (9th Cir. 1988).

[3] *Manetti-Farrow,* 858 F.2d at 512-13; *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S. Ct. 1907 (1972).  The Fifth Circuit (which covers Louisiana) takes the
(continued…)

700924183v1      - 4 -      Defendant's Motion to Dismiss Per Fed. R. Civ. P. 12(b)(3)
No. C-07-6492-JW

1  Under federal law, contractual forum selection clauses are presumptively valid and
enforceable.[4] A party resisting enforcement of a forum selection clause to which it agreed
bears a heavy burden of proof.[5] Such clauses are prima facie valid and should be enforced
unless the resisting party proves the clause unreasonable under the circumstances.[6] (The
same would be true even if California law were to be applied instead of federal law.[7]) As
discussed in part III.D below, there was nothing unreasonable about this clause.
Accordingly, it should be enforced.

B.  **The Agreement specifies the Court of East Baton Rouge Parish as the only proper court.**

The Agreement designates the Court of East Baton Rouge Parish as the court for all litigation related to the Agreement. FAC Ex. A at 11, ¶ 11 (quoted on page 3 above). The clause's operative language—"Amitech and Buyer expressly agree that *original jurisdiction of any dispute arising under or pursuant to the Agreement shall lie in the* Court of East Baton Rouge Parish, Baton Rouge, LA" (italics added)—expresses the parties' intent to make jurisdiction exclusive in the Court of East Baton Rouge Parish.[8]

---

(…continued)
same approach. *Haynsworth v. The Corporation,* 121 F.3d 956, 962 (5th Cir. 1997).

[4]  *The Bremen,* 407 U.S. at 10, 15; *Manetti-Farrow,* 858 F.2d at 514-15; *Haynsworth,* 121 F.3d at 962.

[5]  *Manetti-Farrow,* 858 F.2d at 515 (citing *The Bremen,* 407 U.S. at 18 ("[t]he opposing party has the burden 'to show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court'")).

[6]  *Manetti-Farrow,* 858 F.2d at 514-15 (citing *The Bremen,* 407 U.S. at 15).

[7]  *Nedlloyd Lines B.V. v. Superior Court of San Mateo County*, 3 Cal. 4th 459, 464-65, 834 P.2d 1148, 1151 (1992).

[8]  *See Top Branch Tree Service & Landscaping, Inc. v. Omni Pinnacle, LLC,* No. 06-3723, 2007 WL 1234976, at *2 (E.D. La. Apr. 26, 2007) *Cf. Docksider, Ltd. v. Sea Technology, Ltd.,* 875 F.2d 762 (9th Cir. 1989) *with Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 77 (9th Cir. 1987). *See also Air Ion Devices, Inc. v. Air Ion, Inc.,* No. C-02-1717-SI, 2002 WL 1482665 (N.D. Cal. July 5, 2002).

1   The Agreement is a commercial contract. It was freely negotiated over a period of
2 six months, and executed by experienced business people. The forum selection clause is
3 expressly incorporated as part of the Agreement. There is no basis to disregard it.

4 C. **Plaintiff's claims arise out of the Agreement.**

5   Ebert's allegations and claims are based on and arise out of the Agreement
6 containing the forum selection clause. The FAC specifically invokes the Agreement,
7 attaches it as its sole exhibit and alleges its breach. Thus, the very contract that Ebert
8 invokes requires that Ebert bring its claims in the Court of East Baton Rouge Parish.

9   To be sure, not all of Ebert's claims sound in contract. But while the negligence
10 claim sounds in tort, any duty that may have been created arose out of the Agreement. In
11 the Ninth Circuit, it is well settled that "forum selection clauses can be equally applicable to
12 contractual and tort causes of action."[9] "Whether a forum selection clause applies to tort
13 claims depends upon whether resolution of the claims relates to interpretation of the
14 contract."[10] In *Manetti-Farrow*, the plaintiff alleged that the defendant, Gucci, instituted a
15 price squeeze by raising prices substantially above what it charged other customers, that
16 Gucci fraudulently obtained the plaintiff's customer lists and business information, that
17 Gucci wrongfully neglected business orders, and that Gucci interfered with the contract—
18 essentially all tort claims. Holding that the forum selection clause nevertheless applied, the
19 Ninth Circuit reasoned: "Each of these claims relates in some way to the rights and duties
20 enumerated in the exclusive dealership contract. The claims cannot be adjudicated without
21 analyzing whether the parties were in compliance with the contract."[11] Similarly, the Fifth
22 Circuit has rejected the notion that a claim did not arise out of the contract simply because
23 the cause of action was not for breach of contract.[12]

---

[9]  *Manetti-Farrow*, 858 F.2d at 514 (internal citations omitted).
[10] *Id.*
[11] *Id.* at 511, 515 (internal citations omitted).
[12] *International Software Systems, Inc. v. Amplicon, Inc.,* 77 F.3d 112, 115 (5th Cir. 1996). See also *Marinechance Shipping, Ltd. v. Sebastian,* 143 F.3d 216, 222 (5th Cir.
(continued…)

Here, all of Ebert's claims originate from the Agreement between it and Amitech that contains the forum selection clause. Thus, the claims alleged in the FAC fall within the scope of the forum selection clause.

D. **Enforcement of the Agreement's forum selection clause is reasonable.**

The parties' agreement to litigate in the Court of East Baton Rouge Parish must be respected and enforced. Ebert contracted with Amitech, a Louisiana LLC with its principal place of business in Louisiana. Ebert alleges in the FAC that the pipe "was designed and manufactured by Defendant AMITECH USA, Ltd. and delivered to plaintiff pursuant to the terms of a written agreement dated 3/9/06 between plaintiff and defendant…." FAC ¶ 2. The Agreement specifically provides for delivery of the pipe "F.O.B.—Plant, Zachary, LA: Pick pipe up at the plant, buyer to unload," meaning that Ebert took title and possession of the pipe in Louisiana. FAC Ex. A at 9. And this is in fact what actually happened—Ebert did take title to the pipe in Louisiana. Danielson Decl. ¶ 6. Thus, it is entirely reasonable that any dispute with Amitech, a Louisiana-based manufacturer of pipe delivered to Ebert in Louisiana, would be litigated in Louisiana—not California.

Ebert has the burden of overcoming the "presumption of enforceability" and may only do so by showing that the forum selection clause is unreasonable under the circumstances. As the Ninth Circuit held in *Argueta*:

> A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court," or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.[13]

---

(…continued)
1998) where the Fifth Circuit expressly rejected a general distinction between tort and contract claims with respect to an analysis of whether particular claims fall within the scope of a forum selection clause. The Fifth Circuit has stated, "[w]e must look to the language of the parties' contracts to determine which causes of action are governed by the forum selection clauses."

[13] *Argueta,* 87 F.3d at 325 (internal citations omitted); *see also Haynsworth,* 121 F.3d at 963.

1  Plaintiff bears a "heavy burden" under the *Argueta* test—a burden it cannot meet here:

2      1.    The FAC does not allege anything showing fraud or overreaching.  The parties to a contract with a forum selection clause are presumed to have read and understood the clause.[14]  Allegations of "[f]raud and overreaching must be specific to a forum selection clause to invalidate it."[15]  Ebert has not alleged and cannot allege, much less prove, that inclusion of a forum selection clause in the Agreement was fraudulent.

    2.    Ebert cannot show that litigating in Louisiana's capital city would be so "gravely difficult and inconvenient" as to deprive it of its day in court.[16]  Federal courts routinely enforce forum selection clauses designating remote or international venues for litigation.[17]  Baton Rouge, Louisiana is not remote, inconvenient or unfair to Ebert. Litigation in Baton Rouge will not in any way deprive Ebert of its "day in court."[18]

    3.    Enforcement of the forum selection clause will not contravene the public policy of California.  California law favors forum selection clauses.[19]  As the California Supreme Court has stated, "[n]o satisfying reason of public policy has been suggested why enforcement should be denied a forum selection clause appearing in a contract entered into freely and voluntarily by parties who have negotiated at arm's length."[20]

In short, Ebert cannot show any entitlement to circumvent the forum selection clause it signed.

---

[14]  *Haynsworth*, 121 F.3d at 965 n.16 (rejecting argument that sophisticated parties who voluntarily entered contracts could avoid forum selection clause under fraud or overreaching allegation).

[15]  *Haynsworth*, 121 F.3d at 963.

[16]  *The Bremen*, 407 U.S. at 18; *Argueta,* 87 F.3d at 325 (internal citations omitted); *Haynsworth,* 121 F.3d at 963.

[17]  *See, e.g., Haynsworth,* 121 F.3d at 967 (enforcing clause requiring litigation in England rather than Texas); *Manetti-Farrow,* 858 F.2d at 515 (dismissing complaint filed in the Northern District of California because forum selection clause specified Italy).

[18]  *The Bremen v. Zapata*, 407 U.S. at 12-13; *Argueta,* 87 F.3d at 325 (internal citations omitted); *Haynsworth,* 121 F.3d at 963.

[19]  *Nedlloyd,* 3 Cal. 4th at 464-65.

[20]  *Smith, Valentino & Smith, Inc. v. Superior Court,* 17 Cal. 3d 491, 495-96, 551 P.2d 1206 (1976) (internal citations omitted).

IV. **CONCLUSION.**

The very Agreement that Plaintiff invokes and relies upon in its lawsuit specifies that any resulting litigation must take place in the Court of East Baton Rouge Parish, Louisiana. A party to a contract is not entitled to enforce only portions of a contract and ignore others. Ebert brought this action in an improper venue. Therefore, the action should be dismissed pursuant to Rule 12(b)(3).

Dated: January 4, 2008.

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON
BLAINE I. GREEN
ROBERT J. NOLAN
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880

PHELPS DUNBAR LLP
MICHAEL D. HUNT
JANE A. ROBERT
445 North Blvd., Suite 701 (70802-5707)
Post Office Box 4412
Baton Rouge, LA 70821-4412

By  */s/ Bruce A. Ericson*
          Bruce A. Ericson
Attorneys for Defendant AMITECH USA, LLC