Peter A. Liebow, Esq. (SBN 116696)
Edward A. Kraus, Esq. (SBN 162043)
CREECH, LIEBOW & KRAUS
333 West San Carlos Street, Suite 1600
San Jose, CA 95110
Telephone: (408) 993-9911
Facsimile: (408) 993-1335

Attorneys for Plaintiff,
J.W. EBERT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.W. EBERT CORPORATION, a California Corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>AMITECH USA LTD. and Does 1-100,<br><br>            Defendant. | Case No.: C07-6492-JW<br><br>**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3)** |

## I.    INTRODUCTION

Defendant AMITECH USA LTD.'s (hereinafter "Defendant") Motion to Dismiss is based solely on the grounds that this action must be dismissed for improper venue. Defendant's motion is requesting this Court to interpret and enforce a forum selection clause set forth in the Contract. The motion then defends the clause as being enforceable and reasonable.

Defendant's motion does not, however, answer the real relevant question, which is whether the forum selection clause clearly requires exclusive jurisdiction and venue in the Court of East Baton Rouge Parish, Baton Rouge, LA. The answer to that question is no. As will be discussed below, the forum selection clause in the contract at issue is permissive, not mandatory. (*Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 763-764 (9th Cir. 1989)).

As the Ninth Circuit in *Docksider* stated, "[t]he prevailing rule is clear from these and other cases that where venue is specified with mandatory language the clause will be enforced."

---

(*Id.* at 764). "When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." (*Id.* at 764.)

In the case at bar, the forum selection clause at issue only states that "original jurisdiction of any dispute arising under or pursuant to the Agreement…." There is no reference to venue lying exclusively in East Baton Rouge Parish. Thus, the clause is permissive meaning that the contract creates jurisdiction for this action, or any other action between J.W. EBERT CORPORATION (hereinafter "EBERT") and Defendant. The clause, however, does not limit filing this action in other venues where jurisdiction lies.

In this case, the First Amended Complaint states that the contract was executed in San Jose, and the pipe was intended to and, in fact, was used in San Jose. Defendant knew that the pipe was being used for a project for the City of San Jose. Further, the injury, the leaking of the pipes, occurred in San Jose. (See the First Amended Complaint, Exhibit A to the attached Request for Judicial Notice.) Though this motion is not made on jurisdictional grounds, the allegations of the Complaint, including the contract at issue herein, clearly show that jurisdiction also lies in the Northern District of California, and the Superior Court of Santa Clara County where this action originated. Nothing in the Declaration of Charles Danielson contradicts the above stated facts as set forth in the Complaint.

Therefore, the only issue before this Court is whether the forum selection clause is permissive or mandatory. The plain meaning of the language of the Form Selection Clause creates jurisdiction in Baton Rouge, Louisiana, but the clause does not limit to that one venue. The clause is permissive. This motion must be denied.

## II.    STATEMENT OF FACTS

EBERT is a California Corporation who had entered into a contract with the City of San Jose called the 84" RCP Interceptor Rehabilitation Phase San Jose, California to install sewer pipe. EBERT sought suppliers of the pipe and received a submittal from Defendant to supply the requisite Flowtite pipe for the project. The submittal from Defendant specifically references the City of San Jose project. (See Exhibit A to the Request for Judicial Notice, specifically the

attached Exhibits to the First Amended Complaint filed in this action.)  The contract between the parties was executed on March 9, 2006 and was entered into in California and provided for the sale of Flowtite Pipe.  (See Exhibit A, paragraphs 2 and 3 to the First Amended Complaint.)

Upon proper installation in areas within the City of San Jose, and when in use for its intended purpose, the Flowtite Pipe leaked at the joints causing damages to EBERT including repair and replacement of pipes.

On or about September 25, 2007, EBERT filed a Complaint in the Santa Clara County Superior Court.  On or about November 16, 2007, EBERT filed its First Amended Complaint for Negligence, Breach of Contract, Breach of Warranties, Breach of Implied Warranties of Fitness and Merchantability, Implied Indemnity and Declaratory Relief.  (See Exhibit A to the Request for Judicial Notice.)

On or about December 27, 2007, Defendant then removed this action to this Court based upon Diversity.

It is agreed by the parties, for purposes of this motion only, that the contract at issue contains the following provision:

> 11.   APPLICABLE LAW AND JURISDICTION.  The terms and conditions of sale are subject to and will be construed in accordance with the substantive laws of the State of Louisiana, exclusive of its conflicts of law principals.  Amitech and Buyer expressly agree that original jurisdiction of any dispute arising under or pursuant to the Agreement shall lie in the Court of East Baton Rouge Parish, Baton Rouge, LA except in the event that Amitech, in its sole discretion, elects to cause any dispute hereunder to be adjudicated by binding arbitration.  In that event each of the parties hereto shall select one arbitrator, and the two thus selected shall select a third which three arbitrators shall hear and determine the dispute between the parties."
>
> (Exhibit A to Request for Judicial Notice, Contract attached as Exhibit to First Amended Complaint.)

No party has requested arbitration in this matter.

///
///
///
///

### III. ARGUMENT

**A. THE APPLICABLE FORUM SELECTION CLAUSE IS PERMISSIVE NOT MANDATORY; THEREFORE THIS ACTION WAS APPROPRIATELY BROUGHT IN SANTA CLARA COUNTY SUPERIOR COURT AND REMOVED TO THIS COURT.**

As stated above, the rule in the Ninth Circuit relating to forum selection clauses is when jurisdiction is specified only, the forum selection clause is permissive. (*Docksider Ltd. v. Sea Technology*, 875 F.2d 762, 763-764 (9th Cir. 1989)). Only when venue is specified, or language in the forum selection clause makes jurisdiction exclusive, is a forum selection clause mandatory. (*Id.*)

Further, "[i]n the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party. (*Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

The Ninth Circuit in *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9th Cir. 1987), reversed the District Court's ruling that the forum selection clause in that case was mandatory because the clause at issue in that case only referenced jurisdiction. (*Id.* at 75.)

In that case, the Court set forth the forum selection clause at issue:

> "[the] Buyer and Seller expressly agree that the laws of the State of California shall govern the validity, construction, in interpretation and effect of this contract. The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract."

(*Id*. at 76.)

The Defendant in the *Hunt Wesson* case contended that "the clause granted the Orange County court jurisdiction but did not grant it exclusive jurisdiction." (*Id.*) The Court went on to note that the issue is not the validity or enforceability of this clause, but "whether the forum selection clause provides for *exclusive* jurisdiction in the California state court and mandates that the claim be litigated in the state court for Orange County." (*Id.* at 77).

The Court also held that general contract interpretation rules apply and "[a] primary rule of interpretation is that `the common or normal meaning of language will be given to the words

1  of a contract unless circumstances show that in a particular case a special meaning should be
2  attached to it.'"(*Id.*)
3      The court then held as follows:

> "Here, the plain meaning of the language is that the Orange County courts shall have jurisdiction over this action. The language says nothing about the Orange County courts having exclusive jurisdiction. The effect of the language is merely that the parties consent to the jurisdiction of the Orange County courts. Although the word "shall" is a mandatory term, here it mandates nothing more than that the Orange County courts have jurisdiction. Thus, Supreme cannot object to litigation in the Orange County Superior Court on the ground that the court lacks personal jurisdiction. Such consent to jurisdiction, however, does not mean that the same subject matter cannot be litigated in any other court. In other words, the forum selection clause in this case is permissive rather than mandatory."

    (*Id.* at 77.)

Even if the language was ambiguous in the *Hunt Wesson* case, the Court would reach the same result because "[a]nother fundamental rule of contract interpretation is that where language is ambiguous the court should construe the language against the drafter of the contract." (*Id.* at 78.) The *Hunt Wesson* court then ultimately ruled that "the forum selection clause does not confer exclusive and mandatory jurisdiction on the Orange County Superior Court and that the district court erred in remanding the action to state court." (*Id.* at 78.)

The forum selection clause in the case at bar is similar to the clause ruled upon in *Hunt Wesson*. The clause at issue only confers "original jurisdiction" in Baton Rouge, LA. It does not have any language making that venue the "exclusive" jurisdiction and venue for any matter relating to the contract. All original jurisdiction confers is personal and subject matter jurisdiction to Baton Rouge, LA. Thus, if this matter had been filed originally by Defendant in Baton Rouge against EBERT, EBERT could not argue there was no personal or subject matter jurisdiction. This makes sense because Defendant wanted to create jurisdiction in its home venue so that it did not need to chase customers who fail to pay across the country. This clause creates jurisdiction in Baton Rouge for companies that buy the product, but may have no other connection with Louisiana.

///

_____5
OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3)

L:\JWEbe-01\Motion to Dismiss\Opposition to Motion (2.19.08).doc

Nothing in that clause limits Baton Rouge as being the only venue that has jurisdiction of this matter. Therefore, just as in *Hunt Wesson*, the clause is permissive and confers jurisdiction, but does not limit venue. Because there is also jurisdiction in Santa Clara County, and the Northern District of California, this action was appropriately brought in this venue.

A review of other forum selection cases supports this analysis. In *Docksider*, the Court analyzed the forum selection clause and held that the venue provision of the forum selection clause made that clause mandatory. The *Docksider* court distinguished the forum selection clause at issue from the one in *Hunt Wesson* "because the forum selection clause underlying this action contains the additional sentence stating that `venue of any action brought hereunder shall be deemed to be in . . . Virginia.'" (*Docksider Ltd. v. Sea Technology*, 875 F.2d 762, 764 (9th Cir. 1989)). The Court also stated that:

> "[t]his language requires enforcement of the clause because Docksider not only consented to the jurisdiction of the state courts of Virginia, but further agreed by mandatory language that the venue for all actions arising out of the license agreement would be Gloucester County, Virginia. This mandatory language makes clear that venue, the place of suit lies exclusively in the designated county. Thus, whether or not several states might otherwise have jurisdiction over actions stemming from the agreement, all actions must be filed and prosecuted in Virginia.
>
> (*Id*.)

In *Koresko v. Realnetworks, Inc.*, 291 F.Supp.2d 1157 (E.D. CAL 2003), the Court held that the language in that forum selection clause was mandatory. The relevant language in *Koresko* states that it "shall be governed by the laws of the State of Washington, without regard to conflicts of law provisions, and [Plaintiff] hereby consent[s] to the exclusive jurisdiction of the state and federal courts sitting in the State of Washington." (*Id.* at 1158.) The *Koresko* court reiterated the rule which is "[a] forum selection clause will be enforced where venue is specified with mandatory language." (*Id.* at 1161.) "However, if the language of the forum selection clause is non-mandatory, the forum selection clause will not preclude suit elsewhere." (*Id.* at 1161.)

In the *Koresko* case, the Court held that the term exclusive notes that venue is not permissive and this selection clause excludes the party from suing elsewhere. (*Id.* at 1162.).

1   And, in *Talatala v. Nippon Yusen Kaisha Corp.*, 974 F.Supp. 1321 (D.C. Hawaii 1997),
the Court held the forum selection clause mandatory when it included the following phrase, "any action there under shall be brought before the Tokyo District Court in Japan." (*Id.* at 1325.) Again, the Court noted that when the language deprives other locales of venue, then the forum selection clause is mandatory. (*Id.* at 1325.)

However, in *Northern California District Council v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034 (9th Cir. 1995), the Court held that the forum selection clause in that case was permissive. The relevant portion of the forum selection clause in this case reads as follows:

> "[a] decision of the Board of Adjustment . . . or the decision of a permanent arbitrator shall be enforceable by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco, State of California."

The Ninth Circuit in *Northern California District Council* held the following:

> "These cases demonstrate that the forum selection clause now before us is permissive. The language `shall be enforceable' is no less permissive than the `shall have jurisdiction' language in *Hunt Wesson*. The clause does not contain additional language such as `venue . . . shall be deemed to be in Gloucester County,' which, in *Docksider,* designated the state court as the exclusive forum. Nor does it contain the type of mandatory language at issue in [*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 275 (9th Cir. 1984)] (cases may be litigated `only in' Los Angeles). In sum, we follow *Hunt Wesson* in holding that the `shall be enforceable' language at issue here is permissive, not mandatory, because it does not contain language `clearly requiring exclusive jurisdiction.' *Hunt Wesson*, 817 F.2d at 77."

(*Id.* at 1037.)

A review of the above cases and comparing the forum selection clauses with the one in the case at bar, it is clear that the language in this case is permissive. The forum selection clause only references "original" jurisdiction. There is no clear language requiring all actions to be filed in Baton Rouge, LA. Also, the fact that there is an arbitration alternative does not make the clause mandatory.

The above cases demonstrate that the Court only finds a forum selection clause mandatory when there is clear and plain language making venue exclusive. That is not the

language in this matter. Thus, while Ebert may have agreed to jurisdiction in Baton Rouge, LA, it has a right to file its lawsuit for the leaking pipes here in Santa Clara County.

### IV.   CONCLUSION

Based upon the aforementioned, Plaintiff J.W. EBERT CONSTRUCTION respectfully requests that this court deny Defendant AMITECH USA LTD.'S Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(3).

DATED: February 25, 2008                     CREECH, LIEBOW & KRAUS

                                                    By: _____/s/_____
                                                       EDWARD A. KRAUS
                                                       Attorney for Plaintiff,
                                                       J.W. EBERT CORPORATION